Filed 7/13/16  P. v. Castillo CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041972 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1349126) |
| v. | |
| RACHELLE KATHERINE CASTILLO, | |
| Defendant and Appellant. | |

After admitting a violation of her probation, defendant Rachelle Katherine Castillo was ordered to serve two months in jail and probation was reinstated.  On appeal, she contends that the court should have designated one of her two convictions as a misdemeanor under Penal Code section 1170.18[1] without the requirement of a petition for recall and resentencing.  We will affirm the order.

### *Background*

On March 4, 2013, pursuant to a negotiated disposition, defendant pleaded no contest to one count of possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and one count of resisting, delaying, and obstructing an officer (§ 148, subd. (a)(1)).  The trial court suspended imposition of sentence and placed defendant on three years' formal probation, conditioned on a term of eight months in county jail.

---

[1] All further statutory references are to the Penal Code except as otherwise specified.  Section 1170.18, part of the "Safe Neighborhoods and Schools Act," was enacted by the voters on November 4, 2014 in passing Proposition 47.  (Proposition 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).

An additional charge, possessing controlled substance paraphernalia, was dismissed, along with an enhancement allegation that she was out of custody on her own recognizance for burglary when she possessed the methamphetamine.

On May 22, 2014, the court revoked probation. According to the probation officer, she had failed to report for a scheduled office appointment, she had tested positive for amphetamine in February, she had failed to pay victim restitution or the previously ordered fines and fees, and she had failed to provide proof of enrollment in a substance abuse counseling program.

On November 5, 2014, section 1170.18 became effective following the passage of Proposition 47 by the voters the previous day. On November 20, 2014, defense counsel announced that he had "a petition in hand" to reduce defendant's offenses to misdemeanors under Proposition 47, given his understanding that he "cannot have this amended orally."[2] A hearing took place five days later, at which defendant admitted violating probation. The court reinstated probation and continued the matter for resolution of the Proposition 47 petition.

At the continued hearing on December 19, 2014, the parties and the court discussed "what it means to be currently serving a sentence under . . . [section 1170.18]," as applied to several defendants then before the court. Defense counsel argued that there had to be an entry of final judgment for the filing of a petition to be required; a person on probation with imposition or execution of sentence suspended, on the other hand, has not had a "final judgment of conviction" entered and should not be viewed as "currently serving a sentence" within the meaning of section 1170.18. A probationer therefore was automatically entitled to a reduced sentence without the necessity of a petition.

---

[2] Defendant characterizes this statement as an oral motion to redesignate count 1 as a misdemeanor. There is no indication in the reporter's transcript that this was anything but a presentation of a written motion, based on counsel's assumption that an oral motion would not be permitted.

The district attorney maintained, however, that probation, as commonly understood, was a sentence and was thus subject to section 1170.18.

The trial court rejected the argument that a probationer should benefit from the redesignation by operation of law without being required to submit to the procedures set forth in section 1170.18. On December 23, 2014, and again in a January 20, 2015 amended order, the court ruled that "[n]othing in the express language of Proposition 47 suggests it should be applied only to persons who are denied probation and formally sentenced, or only to those granted probation whose sentence is imposed but execution suspended. Instead, the expressed statutory intent strongly indicates [that] the provisions of section 1170.18(a) apply to all persons 'sentenced' as that term is commonly and colloquially understood—and as any voter would likely understand this term." The defense view was "contrary to the voters' intent and overly restrictive, and inconsistent with the rule of lenity." Accordingly, the court concluded, "in order for these defendants to now receive the benefits of Proposition 47, they must proceed by petition for recall of sentence under section 1170.18(a) and be subject to the requirements of subdivision (b)." The court limited its ruling to those probationers for whom imposition of sentence was suspended.

On January 21, 2015, the required petition having been filed, the court resentenced defendant. It redesignated the possession of methamphetamine count as a misdemeanor, again suspended imposition of sentence, and ordered defendant to complete two years of court probation. Defendant then filed this timely appeal and obtained a certificate of probable cause.[3]

---

[3] The People have moved to dismiss the appeal for lack of appellate jurisdiction, asserting that "the Notice of Appeal is untimely from any order that might arguably be appealable." Among the orders listed in defendant's notice of appeal, however, is that of January 21, 2015, the date on which the court terminated probation, redesignated count 1 as a misdemeanor, and again suspended imposition of sentence with a new two-year probation order. The People's motion for dismissal on this ground is denied.

*Discussion*

Defendant renews her argument that as a probationer, she was not "currently serving a sentence for a [felony] conviction," the factual premise of eligibility for resentencing under section 1170.18. In defendant's view, the court's requirement that she file a petition was inconsistent with the voters' intent in passing Proposition 47 and violated her equal protection rights. Citing *In re Estrada* (1965) 63 Cal.2d 740, she contends that she was entitled to automatic relief under Health and Safety Code section 11377 as amended by Proposition 47, because the new law must be applied retroactively to all those, like her, who were not "currently serving a sentence" under the pre-Proposition 47 law. Defendant further asserts that the court's order again imposing probation was unauthorized, because "nothing in . . . section 1170.18 authorizes a court to place a resentenced defendant on probation or any type of supervised release other than parole."

Defendant has anticipated the People's initial response: that the issue raised by defendant—whether she was bound by the procedures outlined in section 1170.18—is moot. Defendant contends that it is not moot, because the petitioning procedure resulted in her having a lifetime ban on owning or possessing a firearm under section 1170.18, subdivision k.[4]

The People maintain that defendant was not prejudiced by the petitioning requirement because "[s]he ultimately received all the relief to which she was entitled under Proposition 47 and would not have been relieved of the firearms ban." We agree. It is undisputed that defendant suffered a felony conviction for second degree burglary in

---

[4] Subdivision (k) of section 1170.18 states, in pertinent part: "Any felony conviction that is recalled and resentenced under subdivision (b) . . . shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

4

an accompanying case No. C1244239, for which she had received (and subsequently violated) probation. Defendant acknowledges that she was already subject to a firearms ban from this burglary conviction, but she suggests that "she may be able to obtain relief from the ban if this court decides in this appeal that the trial court should have designated count one a misdemeanor as a matter of law." Defendant cites neither factual support nor legal authority for this speculative assertion.[5]

" 'An action that involves only abstract or academic questions of law cannot be maintained. [Citation.] And an action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]" (*People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198.) In this case, defendant has not shown that as to her, resolution of the issue presented would have any "practical effect." (*Ibid.*) Thus, we need not address the merits of defendant's claim that she was entitled to misdemeanor sentencing without the petitioning procedures outlined in section 1170.18.

*Disposition*

The order is affirmed.

---

[5] Defendant further suggests that the issue is not moot "because the answer will determine whether she could have been placed on probation or parole after resentencing." This point is not sufficiently developed to be cognizable as a discrete contention. (See *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19; *People v. Miralrio* (2008) 167 Cal.App.4th 448, 452, fn. 4.) The underlying argument on which it is premised—that the court at resentencing should not have placed her on any supervised release other than parole—is unsupported by the authority defendant cites, section 1170.18, subdivision (d), which provides for parole to those who have *completed* their sentences.

_____

ELIA, J.


WE CONCUR:




_____

RUSHING, P. J.




_____

PREMO, J.




*People v. Castillo*
H041972